# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DONALD RICHARD: TERRY,** | ) |
| **Plaintiff** | ) |
| vs. | ) Case No. 5:20-cv-00513-LCB |
| **PHILLIP ROBERSON &** | ) |
| **T YOUNG,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, who identifies himself as "Donald Richard: Terry," proceeding pro se, filed a complaint against Phillip Roberson and "T Young." (Doc. 1). In essence, he seeks a declaratory judgment that Alabama Criminal Code § 13A-10-132(f) violates the First Amendment of the United States Constitution. This case was originally assigned to a United States Magistrate Judge but was reassigned to the undersigned on April 21, 2020. At the time of reassignment, there were two pending motions: a motion to proceed *in forma pauperis*, and a motion for alternate service. (Docs. 2 and 3). On June 15, 2020, the plaintiff filed a motion for a default judgment. (Doc. 7). This Court denied the motion for alternate service and motion for default judgment on July 20, 2020. (Doc. 8). However, the Court granted the plaintiff's motion to proceed *in forma pauperis* in the same order. *Id.*

Currently pending before the Court is the plaintiff's motion for service by publication. (Doc. 14). In reviewing the record in this case, the Court has determined that its previous decision to grant the plaintiff's motion to proceed *in forma pauperis* was in error. Accordingly, that order (Doc. 7) is due to be withdrawn for the following reasons.

Title 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, provides for the commencement of a civil action without prepayment of fees by a "person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915(e)(2)(B) further provides, however, that a court shall dismiss the case at any time if it determines it is "frivolous or malicious", "fails to state a claim on which relief may be granted", or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).[1] "A claim is frivolous if it is without arguable merit either in law or

---

[1] Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such

2

fact." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010). A district court retains discretion to dismiss a complaint "when it appears the plaintiff 'has little or no chance of success,'" meaning review of the complaint reveals "the factual allegations are 'clearly baseless' or . . . the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (discussing § 1915(d), now § 1915(e)(2)(B)(i)).

In conducting a review of Terry's complaint, the Court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010), *as recognized in Sconiers v. Lockhart*, 946 F.3d 1256 (11th Cir. 2020). However, the Court "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 F. App'x 1, 2 (11th Cir. 2011) (internal quotations and citations omitted). Furthermore, to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff

---

relief.

must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In his complaint, Terry correctly asserts that he filed a prior pro se complaint in this court in 2014 regarding a stop and ticketing by one of the Defendants, a police officer who was eventually assisted by an attorney. *See* Doc. 1 at 5; *Donald Richard Terry v. Phillip Roberson, et al.*, No. 5:14-cv-02163-AKK. Plaintiff Terry avers that one month after he filed his complaint, the Defendants filed criminal complaints against him on December 3, 2014, for a violation of Alabama Code § 13A-10-132(f). (Doc. 1 at 2, 10).[1] In his request for a declaratory judgment, Terry contends that the Defendants' filing of the complaints violated his First Amendment rights to freedom of speech and to seek legal redress.

Terry fails to allege sufficient facts to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). First and foremost, the statute of limitations for Terry's action has clearly run. Terry may advance his action regarding a

---

[1] Alabama Code § 13A-10-132(f) provides as follows:

> It shall be unlawful for a person to falsely assert authority of law in an attempt to intimidate or hinder a state or local official or employee or a law enforcement officer in the discharge of official duties, by means of threats, harassment, physical abuse, or use of a sham legal process. A person violating this subsection is guilty of a Class C felony.

constitutional violation under 42 U.S.C. § 1983.  However, "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  In Alabama, the governing limitations period is two years. *McNair*, 515 F.3d at 1173 (citing Ala. Code § 6–2–38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc)).

"The question of when the limitations period begins to run (that is, when the cause of action has accrued), is one of federal law." *Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. Feb. 13, 2007) (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)); *see also Kelly v. Serna*, 87 F.3d 1235, 1238 & 1238-39 (11th Cir. 1996) (recognizing both that "[a] statute of limitations begins to run when the cause of action accrues[ ]" and that "[a]ccrual of a cause of action under 42 U.S.C. § 1983 is a question of federal law."). "The general federal rule is that a cause of action 'will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury.'" *Smith*, *supra*, 217 F. App'x at 881 (quoting *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)) (other citation omitted); *see McNair*, *supra*, 515 F.3d at 1173 ("[T]he statute of limitations does not

5

begin to run until the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.").

Clearly, Terry filed his complaint untimely. He asserts the Defendants filed their criminal complaints against him on December 3, 2014, and certainly the two-year statute of limitations has run on his action if he knew about the filing on or around that date. Even if Terry did not find out about the criminal complaints until the State commenced criminal proceedings against him, then he still filed his action too late. A review of the online state court record at AlaCourt (https://v2.alacourt.com/index.htm) reveals that the State arrested Terry on August 31, 2017, on the criminal complaints, and the filing dates of the criminal complaints he attached to his action (doc. 1-1 at 44-45) match the AlaCourt filing date of the action – September 1, 2017. *See* State of Alabama v. Donald Richard Terry, Etowah Circuit Court Case No. CC-2017-849.00.[2] Again, the two-year statute of limitations from Terry's arrest date had clearly run by the time Terry filed this action.

## CONCLUSION

---

[2] This court "may take judicial notice" of "state court proceedings" available on Alacourt.com, the State of Alabama's online court records' database. *Paez v. Sec. Fla. Dep't of Corr.,* 2020 WL 63290 at *2, --- F.3d --- (11th Cir. 2020); Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

The Court hereby **WITHDRAWS** its order of July 20, 2020.  For the above-state reasons, Terry's motion to proceed *in forma pauperis* is **DENIED** and the Court **DISMISSES** this action **WITH PREJUDICE**.  *See* 28 U.S.C. § 1915(e)(2)(B).  Terry's motion for service by publication (Doc. 14) is **DENIED AS MOOT**.  The Court will enter a separate Final Judgment.

**DONE** and **ORDERED** December 29, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE